## No. 9066.

### Hugo Mehnert vs. M. Dietrich.

Where the transcript is complete, but the certificate of the clerk is defective in not showing it, the omission in the certificate may be supplied by a proper and timely motion.

Where no judgment for damages is rendered or prayed for against the surety on an injunction bond, he is a competent surety on the bond of appeal taken from the judgment dissolving the injunction.

Where. after marriage and under the *régime* of the community, a business which had formerly belonged to and been conducted by the wife, is conducted in the name of the husband, it becomes the business of the community, and its acquests and good-will are liable to seizure for the husband's debts.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

---

*Paul Reusch* and *John P. Smith* for Plaintiff and Appellee.

*A. B. Philips* and *Albert Voorhies* for Defendant and Appellant.

---

### On Motion to Dismiss.

The opinion of the Court was delivered by

Todd, J.   This motion is based on two grounds:

1. Upon the alleged incompleteness of the record, as shown by the certificate of the clerk.

The certificate itself was defective, as upon its face it failed to attest or cover certain proceedings which the transcript in fact contained. Upon a timely motion of the appellant's attorney, this defect or omission in the certificate was supplied and there has been returned to this Court a certificate meeting all the requirements of the law, and showing a record embracing all the proceedings had and evidence offered in the lower court. The motion, therefore, fails on this ground.

2. It is urged that the surety on the appeal bond was the surety on the injunction bond, from the dissolution of which injunction the appeal was taken, and that the said surety was, therefore, legally incompetent as respects the appeal bond.

We find from an examination of the record that there was no judgment rendered against the surety on the injunction bond for damages and no damages even asked against him in the motion to dissolve the injunction; and under such conditions he was under no disqualification as surety on the appeal bond.

The motion to dismiss the appeal is, therefore, denied.

## On the Merits.

FENNER, J. Plaintiff, a judgment creditor of Emile Dietrich, seized, under *fi. fa.*, a certain coffee-house and contents as the property of their said debtor.

His wife, Magdalena Dietrich, brought suit by third opposition, claiming ownership and possession of the property seized as her separate property, enjoining the seizure and claiming damages.

The evidence established that she owned the coffee-house, fixtures and contents prior to her marriage in 1879, and then carried on the business. It appears, however, that the community of acquests and gains subsisted between the parties and that since the marriage the business has been carried on in the name of the husband, whose name figured on the sign of the establishment and in the city directory, and in whose name also the internal revenue returns were made under oath.

Although she took an active part in the administration of the coffee-house, these circumstances forbid her denial that the business was conducted as that of the community.

This, of course, did not convert the permanent fixtures, which were hers before marriage, into community property, but so far as the consumable stock was concerned, consisting of liquors, cigars, etc., which had been necessarily used and replaced many times, those on hand at

the date of the seizure belonged to the community, as did also the good-will. Such was the view taken by the judge à quo, who maintained the injunction in so far as concerned the fixtures, but dissolved it in other respects.

The judgment was manifestly correct.

Judgment affirmed.

Rehearing refused.